IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC. and W. PAUL SMITH,<br><br>       Plaintiffs,<br><br> -against-<br><br>U.S. DEPARTMENT OF STATE,<br><br>       Defendant. | Case No. 21-6197<br><br>**COMPLAINT** |

   Plaintiffs First Look Institute, Inc. ("FLI"), publisher of *The Intercept*, and W. Paul Smith, an employee of FLI (collectively, "The Intercept"), by and through their attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, for their complaint allege as follows:

### PRELIMINARY STATEMENT

   1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.*, by FLI, a non-profit American news organization that seeks to provide the public with original, independent journalism concerning the institutions and individuals responsible for shaping our world, and its Investigative Researcher, W. Paul Smith. The Intercept brings this action for injunctive and other appropriate relief, seeking the release of agency records from the U.S. Department of State ("DoS").

   2. Through this action, The Intercept seeks to access information of indelible public concern related to hitherto unknown U.S. operations in Syria between June 1, 2014 and December 31, 2016 — a crucial period of the Syrian civil war. Release of the requested information serves the "basic purpose of the Freedom of Information Act to open agency action

to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976) (internal quotations omitted).

3. On November 13, 2020, *The Intercept* investigative researcher Paul Smith submitted three FOIA requests ("the Requests") to DoS.  DoS failed to respond to the Requests within the statutory twenty business-day time limit for an agency to respond to a FOIA request.  With this case, The Intercept seeks to vindicate their rights and the public's rights to government transparency under FOIA.

## PARTIES

4. Plaintiff First Look Institute, Inc. ("FLI") is a not-for-profit American news organization headquartered at 114 5th Avenue, New York, NY 10011.  FLI owns and operates several journalistic outlets, including *The Intercept*, an award-winning, nationally recognized news organization with a reputation for holding power to account.  *The Intercept*'s in-depth investigations focus on politics, war, surveillance, corruption, the environment, science, technology, criminal justice, and the media.

5. Plaintiff W. Paul Smith is the Investigative Researcher for *The Intercept*.  Prior to joining *The Intercept*, Mr. Smith conducted criminal justice, immigration, national security, and surveillance investigations at Human Rights Watch.  His writing has appeared in numerous other outlets, including HuffPost and Politico.  He received his M.S. in journalism from Columbia University.  Paul submitted the Requests within his capacity as an Investigative Researcher for *The Intercept*, employed by FLI.

6. Defendant U.S. Department of State is an agency of the federal government that has possession, custody, and/or control of the records that Plaintiffs seek.  DoS is headquartered at 2201 C Street, NW, Washington, DC 20520.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Department of State pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

9. Plaintiffs are deemed to have exhausted all their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C) because the DoS has failed to respond to Plaintiffs' Requests within the statutorily mandated time limit.  5 U.S.C. §§ 552 (a)(6)(C)(i).

**FACTS**

10. FOIA "focuses on the citizens' right to be informed about 'what their government is up to,'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

11. The Intercept, like other news organizations, plays a critical role in providing information to citizens about "what their government is up to."  Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

12. Through the FOIA Requests at issue in this case, The Intercept seeks to fulfill its journalistic function and shine a public light on DoS policy and practices.

13. On November 13, 2020, *The Intercept*'s investigative researcher Paul Smith submitted the Requests to DoS via the agency's online FOIA portal.  The three requests were

assigned the tracking numbers F-2021-01122, F-2021-01123, and F-2021-01125. Request number F-2021-01122 sought "emails sent from the email address jprince@demcouncil.org to State Department employee Ava Leone that make any mention of the following terms: 'Raqqa Is Being Slaughtered Silently'; 'RBSS'; or 'Raqqa ' (Date Range for Record Search: From 8/1/2014 To 8/31/2016)." Request number F-2021-01123 sought "emails sent from the email address jprince@demcouncil.org to State Department employee Ava Leone (Date Range for Record Search: From 11/1/2015 To 11/30/2015)." Request number F-2021-01125 sought "reports produced by the Democracy Council sent to the State Department that make mention of 'Syria' (Date Range for Record Search: From 6/1/2014 To 12/31/2016)."

14. Nicholas J. Cormier, Chief of the DoS Office of Information Programs and Services, Requester Communications Branch, acknowledged Mr. Smith's requests and denied his requests for expedited processing with respect to all three Requests on November 16, 2020 (the "Acknowledgements"). True and correct copies of the Acknowledgements of Requests F-2021-01122, F-2021-01123, and F-2021-01125 are attached hereto as Exhibits A, B, and C, respectively. The Acknowledgements also informed Mr. Smith that "unusual circumstances" rendered DoS unable to respond within the ordinary twenty working day deadline. According to the three acknowledgement letters, "the unusual circumstances include[d] the need to search for and collect requested records from other Department offices or Foreign Service posts."

15. FOIA allows agencies an extra ten working days to respond to requests if they inform the requester that the agency will be unable to respond within standard time parameters due to "unusual circumstances." 5 U.S.C. § 552 (a)(6)(B)(ii). As such, the agency had a total of thirty working days to answer the Requests, requiring its response to each on or before December 31, 2020.

16. DoS did not respond to any of the Requests by the applicable deadline.

17. Its failure to do so exhausted Plaintiffs' administrative remedies, rendering this civil complaint ripe for review. 5 U.S.C. § 552 (a)(6)(C)(i).

18. To date, DoS has not responded to any of the Requests.

19. FOIA requires that DoS release all non-exempt responsive records to *The Intercept*.

## FIRST CAUSE OF ACTION
(Violation of FOIA for Failure to Timely Release Responsive Records)

20. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

21. The DoS is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore had an obligation to timely disclose all responsive records not subject to a specific exemption.

22. The DoS's failure to make available non-exempt responsive records within applicable time limits demonstrates that the Defendant agency constructively denied the Requests in full, in violation of FOIA. 5 U.S.C. § 552(a)(3).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that the records sought by the Requests, as more particularly described above, are public records pursuant to 5 U.S.C. § 552 and that the records must be disclosed;

b. Order the DoS to provide those records to Plaintiffs, including electronic copies of records stored in electronic format, within twenty business days of the Court's order;

    c.       Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as authorized by FOIA; and

    d.       Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
         July 20, 2021

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

By: _____ /s/*Debra Greenberger*

Andrew G. Celli, Jr.
Debra L. Greenberger
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

FIRST LOOK INSTITUTE, INC.
David S. Bralow
Victoria J. Noble*
114 5th Ave
New York, NY 10011-5604

*Attorneys for Plaintiffs*

\* *application for pro hac vice admission to be submitted*